JOSEPH SAMSON, PLAINTIFF-RESPONDENT, SIDNEY FINKEL, PLAINTIFF-RESPONDENT, v. CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided October 7, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *James F. X. O'Brien* and *Simon Englander.*

For the plaintiff-respondent, *Thomas L. Parsonnet.*

PER CURIAM.

On August 22d, 1939, the city of Newark held certain tax sales pursuant to law. The plaintiffs, as attorneys-at-law, took the acknowledgments of Vincent J. Murphy, director of revenue and finance, to the tax certificates made by him. Not being paid the fees allowed by statute as the acknowledging officers, they brought suit and had judgment. The city appeals.

The fee fixed by law for acknowledging a deed is $1. *N. J. S. A.* 22:4-12. The fee charged in each instance was fifty cents.

The statute requires the officer holding a tax sale to acknowledge certificates in the same manner as conveyances are acknowledged. *N. J. S. A.* 54:5-46. The disbursements for procuring acknowledgments is part of the tax lien and when the officer making the sale, as in Newark, is paid a salary such fees are paid into the municipal treasury. That the fees to which the plaintiffs were entitled were so paid into the Newark treasury is not denied.

It is said that a fee bill was not served as required before an attorney-at-law commences an action against his client. *N. J. S. A.* 2:20-8. It is to be remembered that the plaintiffs were not attorneys employed by the city of Newark. They rendered no service to the city of Newark. All they did was to take acknowledgments to tax certificates as officers authorized by law so to do.

It is said that Commissioner Murphy was a necessary party to the present suit. Not so. He acknowledged the certificates before the plaintiffs. He was required by law so to do before some officer authorized by law to take such acknowledg-

ments. The fees for such services by legal requirement must have been paid into the city treasury. Mr. Murphy was in no sense liable.

We deem the state of demand sufficient. The present suit really is an action for money had and received to the use of plaintiffs. None of the rules cited in *Campbell* v. *Hackensack,* 115 *N. J. L.* 209, or other cases cited in the city's brief, have any applicability. The plaintiffs rendered a service as officers of the state for which they were entitled by law to fixed fees. To now say that the plaintiffs may not recover is tantamount to saying that the city must be enriched at the expense of officers performing a statutory service for which a fee has been earned and paid to the city. Such is not the law. Other points argued are either covered in the foregoing or have no merit deserving further discussion.

The judgments are affirmed, with costs.